■ LANNY STOCKDALE, II, et al., Respondents, v CITY OF NEW YORK, Respondent, and HOLY TEMPLE CHURCH OF THE LORD JESUS CHRIST, Appellant, et al., Defendants. [744 NYS2d 5] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered

October 15, 2001, which, in an action for personal injuries sustained in a fall allegedly caused by a defect in a public sidewalk abutting defendant-appellant's building, insofar as appealed from, denied appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

An issue of fact exists as to whether the sidewalk defect that allegedly caused plaintiff's fall was created by the heavy equipment that was admittedly used in the construction of appellant's new building no more than a year prior to the accident. Such issue is raised by evidence that the defect was in front of an entrance gate to the building, that heavy machinery was seen moving toward the sidewalk, that the area of the sidewalk near the defect had been blocked off for periods of time before the accident, and the reasonable inference that the equipment, which included cranes, machinery for carrying scaffolding rods and earth movers, had to be taken over the sidewalk in order to gain access to parts of the construction site (see, Mincey v Mensch, 253 AD2d 656). Assuming the defect in the sidewalk caused plaintiff's injuries and that the heavy equipment used by appellant's independent contractor in the construction of appellant's new building caused the defect, appellant, as the abutting property owner who engaged the contractor, would be liable for plaintiff's injuries (see, Mullins v Siegel-Cooper Co., 183 NY 129, 136-137). Concur—Williams, P.J., Tom, Mazzarelli, Ellerin and Marlow, JJ.