ANNAMARIE VERDE-STEFANI et al., Appellants, v MELOHN PROPERTIES, INC., Defendant, and ORSID MANAGEMENT CORP. et al., Respondents. [786 NYS2d 512]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 9, 2003, which, in an action for personal injuries sustained in a slip and fall on steps in the vestibule of a residential building owned and managed by defendants-respondents, inter alia, granted defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The motion was properly granted given evidence that the water on vestibule steps was clear, not dirty, and appeared to have come from a shaken umbrella, and in the absence of evidence that defendants had actual or constructive notice of the wetness on the steps. That it had been raining for several hours, and that defendants had a 24-hour doorman in the lobby, do not, by themselves, raise an issue of fact as to actual or constructive notice (*see Joseph v Chase Manhattan Bank*, 277 AD2d 96 [2000]; *Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106 [2000]). Absent constructive notice, defendants cannot be found negligent for failing to take safety measures, such as putting down mats (*see Joseph, supra*), especially since mats were, under the building rules, to be put down in the lobby and not the vestibule. Plaintiff's additional assertions that the vestibule steps were inherently slippery because they were made of smooth black stone, and were made even more dangerous by the nonskid strips placed along their edges creating a tripping hazard, are unsupported by expert evidence showing a defect in the steps or a deviation from industry standards, and thus insufficient to raise issues of fact as to defendants' negligence (*see Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36 [1999], *lv denied* 94 NY2d 761 [2000]; *Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757 [2000], *lv denied* 95 NY2d 765 [2000]). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Saxe, Sullivan and Friedman, JJ.