■ RAINI EDWARDS, Appellant, v 727 THROGS NECK EXPRESSWAY, INC., et al., Defendants, and THROGS NECK EXTENDED CARE FACILITY et al., Respondents. [808 NYS2d 28]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered February 19, 2004, which, in an action for personal injuries sustained in a fall on defendants' premises, granted defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

The action was properly dismissed for lack of evidence that defendants received any complaints or otherwise acquired actual notice of the alleged wetness, or that the wetness had existed for a sufficient period of time for defendants to have acquired constructive notice (*see Matcovsky v Days Hotel*, 10 AD3d 557 [2004]). That it had been snowing, and that defendants had a security guard posted near where plaintiff fell, do not, by themselves, raise an issue of fact as to notice (*Verde-Stefani v Melohn Props., Inc.*, 13 AD3d 255 [2004]). We have considered plaintiff's other arguments and find them unavailing. Concur— Sullivan, J.P., Williams, Gonzalez and McGuire, JJ.

Ellerin, J., dissents in a memorandum as follows: I would reverse the order of the motion court.

It is uncontroverted that on the day of plaintiff's accident it was snowing heavily. Defendant's witness testified that the carpeting normally used in inclement weather was in place in the lobby of the building. However, plaintiff testified that there were no mats on the lobby floor when she arrived for work that morning. Thus, an issue of fact exists as to whether, having adopted the custom of laying down mats in wet weather, defendants were negligent in failing on this occasion to employ means readily available to avert the foreseeable danger to persons walking on a wet floor (*see Pignatelli v Gimbel Bros.*, 285 App Div 625, 627 [1955], *affd* 309 NY 901 [1955]).