(July 25, 2006)

■ BRETT BASHANT et al., Plaintiffs, v MID-WESTCHESTER RE-
ALTY ASSOCIATES, LLC, et al., Defendants and Third-Party
Plaintiffs-Respondents. H.E. PALMER SERVICE CORP., Third-
Party Defendant-Appellant. [818 NYS2d 478]—In an action to re-
cover damages for personal injuries, etc., the third-party defen-
dant appeals, as limited by its brief, from so much of an order of
the Supreme Court, Dutchess County (Dolan, J.), dated May 12,
2004, as granted that branch of the cross motion of the
defendants third-party plaintiffs which was for summary judg-
ment on the third-party cause of action for contractual
indemnification.

Ordered that the order is affirmed insofar as appealed from,
without costs or disbursements.

The Supreme Court properly granted that branch of the cross
motion of the defendants third-party plaintiffs which was for
summary judgment on the third-party cause of action for
contractual indemnification. The third-party cause of action for
contractual indemnification is viable, insofar as the third-party
defendant is contractually obligated to indemnify the third-
party plaintiffs for the litigation costs incurred by the third-
party plaintiffs in defending this action (*see Itri Brick &
Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 793-794
[1997]; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 178
[1990]; *Hennard v Boyce,* 6 AD3d 1132, 1133-1134 [2004]; *Con-
nolly v Brooklyn Union Gas Co.,* 168 AD2d 477, 478 [1990]). In
support of that branch of the cross motion, the defendants and
third-party plaintiffs established their prima facie entitlement
to judgment as a matter of law. In opposition, the third-party
defendant failed to raise a triable issue of fact. Goldstein, J.P.,
Luciano, Rivera and Fisher, JJ., concur.