■ BARBARA ROGERS, Respondent, v ROCKEFELLER GROUP INTERNATIONAL, INC., et al., Respondents-Appellants, and PRITCHARD INDUSTRIES, INC., Appellant-Respondent. [832 NYS2d 600]—

In an action to recover damages for personal injuries, the defendant Pritchard Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 1, 2006, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the defendants Rockefeller Group International, Inc., and Rock-Green, Inc., which was for summary judgment on the issue of liability in connection with the defendant Rock-Green, Inc.'s fourth cross claim against the defendant Pritchard Industries, Inc., and the defendants Rockefeller Group International, Inc., and Rock-Green, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant Rock-Green, Inc., and a cross claim of the defendant Pritchard Industries, Inc., insofar as asserted against the defendant Rock-Green, Inc., and for summary judgment on the issue of liability in connection with the defendant Rock-Green, Inc.'s third cross claim against the defendant Pritchard Industries, Inc.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, one bill of costs is awarded to the defendants appearing separately and filing separate briefs, payable by the plaintiff, the cross motion is granted, those branches of the motion of the defendants Rockefeller Group International, Inc., and Rock-Green, Inc., which were for summary judgment dismissing the complaint and the cross claim insofar as asserted against the defendant Rock-Green, Inc., and for summary judgment on the issue of liability in connection with the defendant Rock-Green, Inc.'s third cross claim against the defendant Pritchard Industries, Inc., are granted, that branch of the motion which was for summary judgment on the issue of liability in connection with the defendant Rock-Green,

Inc.'s fourth cross claim against the defendant Pritchard Industries, Inc., is denied, the complaint is dismissed insofar as asserted against the defendants Pritchard Industries, Inc., and Rock-Green, Inc., the cross claim against the defendant Rock-Green, Inc. is dismissed, the first, second, and fourth cross claims against the defendant Pritchard Industries, Inc., are dismissed, and the third cross claim by the defendant Rock-Green, Inc., against the defendant Pritchard Industries, Inc., is severed.

The plaintiff allegedly was injured when she slipped and fell on a wet portion of the lobby floor of the building where she worked, which was owned by the defendant Rock-Green, Inc. (hereinafter Rock). The defendant Pritchard Industries, Inc. (hereinafter Pritchard), was hired by Rock, inter alia, to maintain the lobby area. At her deposition, the plaintiff testified that it had started raining on the day of the accident sometime during her 40-minute commute to work. Although the plaintiff did not observe any wetness on the lobby floor either before or after the accident, she claimed that the floor must have been wet because her clothes were wet after the fall. The plaintiff further claimed that, at the time of the accident, there were rain mats on the lobby floor in front of other entrances, but none in front of the revolving door through which she entered.

Contrary to the plaintiff's contention, Rock and Pritchard established their prima facie entitlement to judgment as a matter of law by establishing that they did not create the alleged wet condition on the lobby floor, and had no obligation "to provide a constant remedy to the problem of water being tracked into [the lobby] in rainy weather" (*Ruck v Levittown Norse Assoc., LLC,* 27 AD3d 444, 445 [2006]; *see Miller v Gimbel Bros.,* 262 NY 107, 108-109 [1933]; *Ford v Citibank, N.A.,* 11 AD3d 508, 509 [2004]; *Yearwood v Cushman & Wakefield,* 294 AD2d 568, 568-569 [2002]; *Negron v St. Patrick's Nursing Home,* 248 AD2d 687 [1998]), particularly where, as here, the record establishes that the rain started only a short time before the accident occurred.

In opposition, the plaintiff failed to raise a triable issue of fact. The mere fact that the plaintiff's clothes were wet after the fall is insufficient to raise a triable issue of fact as to the liability of Rock or Pritchard for the alleged dangerous condition (*see Kuchman v Olympia & York, USA,* 238 AD2d 381, 382 [1997]), particularly in view of the plaintiff's own testimony that she never actually observed any wetness in the area where she fell, and in the absence of any evidence as to the length of time any alleged wet condition existed on the lobby floor or the

existence of any prior complaints (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Ford v Citibank, N.A.,* 11 AD3d 508 [2004], *supra; Yearwood v Cushman & Wakefield, supra,* at 568-569; *McDuffie v Fleet Fin. Group,* 269 AD2d 575 [2000]). A general awareness that water was likely to be tracked on the lobby floor in rainy weather is insufficient, without more, to establish constructive notice of the particular wet condition that allegedly caused the plaintiff to slip (*see Yearwood v Cushman & Wakefield, supra* at 569). Similarly unavailing, on the facts presented, is the plaintiff's claim that Rock and/or Pritchard were negligent in failing to place rain mats in the area where the plaintiff fell (*see Curtis v Dayton Beach Park No. 1 Corp.,* 23 AD3d 511, 512; *Solazzo v New York City Tr. Auth.,* 21 AD3d 735, 736-737 [2005], *affd* 6 NY3d 734 [2005]; *Izrailova v Rego Realty,* 309 AD2d 902 [2003]; *Keum Choi v Olympia & York Water St. Co.,* 278 AD2d 106 [2000]; *cf. Edwards v 727 Throgs Neck Expressway, Inc.,* 24 AD3d 290 [2005]). Accordingly, the complaint should have been dismissed insofar as asserted against Rock and Pritchard. Moreover, in light of the dismissal of the complaint as to all of the defendants, Pritchard's cross claim against Rock, as well as the first and second cross claims asserted by Rock and the defendant Rockefeller Group International, Inc. (hereinafter RGI), against Pritchard, which sound in common-law indemnification and contribution, should also have been dismissed as academic.

The Supreme Court also erred in granting that branch of the motion of Rock and RGI which was for summary judgment on the issue of liability in connection with Rock's fourth cross claim against Pritchard, seeking damages based on Pritchard's alleged failure to procure insurance coverage naming Rock as an additional insured. Pursuant to the terms of the services purchase agreement entered into between Rock and Pritchard, the latter was obligated, inter alia, to "procure and maintain . . . Comprehensive General Liability insurance" in the amounts specified by Rock but "in no event less than $3,000,000 in respect of injuries to or death of any one person." Contrary to Rock's contentions, there is nothing in the agreement requiring Pritchard to procure insurance policies naming Rock and/or RGI as additional insureds. Pritchard was required only to procure and maintain insurance in the amounts indicated in the agreement. Therefore, Rock was not entitled to judgment as a matter of law on the fourth cross claim (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]) and, in light of our determination, the fourth cross claim should also have been dismissed as academic.

Finally, the Supreme Court erred in denying that branch of

the motion by Rock and RGI which was for summary judgment on the issue of liability in connection with Rock's third cross claim against Pritchard, seeking contractual indemnification. Rock tendered prima facie evidence that the indemnification provision at issue entitled it to indemnification for the costs it incurred in defending the main action (*see Bashant v Mid-Westchester Realty Assoc., LLC,* 31 AD3d 680 [2006]; *DiPerna v American Broadcasting Cos.,* 200 AD2d 267, 269-270 [1994]) and Pritchard, in opposition, failed to raise a triable issue of fact. Moreover, contrary to Pritchard's contention, the prohibition against indemnifying a party for its own negligence pursuant to General Obligations Law § 5-322.1 does not apply where, as here, the party seeking indemnification is found to be free of any negligence (*see Davis v All State Assoc.,* 23 AD3d 607, 608 [2005]; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.,* 23 AD3d 508 [2005]). Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.