■ CARLOS SANTIAGO, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [25 NYS3d 878]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about June 23, 2015, which denied defendant City's motion to renew, unanimously reversed, on the law, without costs, the motion granted, and, upon renewal, the City's motion for summary judgment dismissing the complaint granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered on or about

December 15, 2014, unanimously dismissed, without costs, as academic.

Assuming without deciding that the court properly denied the City's initial motion for summary judgment on the ground that the City failed to demonstrate that the lease was in effect at the time of plaintiff's accident, we find that the court improvidently denied the City's motion for renewal. The affidavit of the MTA's Senior Real Estate Manager, coupled with the MTA's website, sufficiently established the authenticity of the 1953 lease, and that it was in effect at the time of plaintiff's accident. This, in turn, established that the City was an out-of-possession landlord that did not have responsibility for the allegedly hazardous condition of the subway steps (*see Alladice v City of New York*, 111 AD3d 477 [1st Dept 2013]; *Arteaga v City of New York*, 101 AD3d 454 [1st Dept 2012]; *McGuire v City of New York*, 211 AD2d 428 [1st Dept 1995]; *Mattera v City of New York*, 169 AD2d 759 [2d Dept 1991]). Plaintiff has failed to raise any triable issue of fact that the allegedly hazardous condition was a significant structural or design defect for which the City may be held liable.

We have examined plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.