| |
|---|
| **Lopez v Metropolitan Transp. Auth.** |
| 2024 NY Slip Op 33963(U) |
| November 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151873/2021 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD TSAI**
*Justice*

PART **21**

-------------------------------------------------------------------------------X

MICHELLE LOPEZ,

Plaintiff,

- v -

METROPOLITAN TRANSPORTATION AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY, and CITY OF NEW YORK,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151873/2021 |
| MOTION DATE | 09/25/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 8, 30-48

were read on this motion to/for        SUMMARY JUDGMENT(AFTER JOINDER)       .

Upon the foregoing documents, it is **ORDERED** that defendant City of New York's motion for summary judgment is **GRANTED IN PART TO THE EXTENT THAT** the complaint is dismissed as against defendant City of New York, all cross claims by the defendant City of New York are dismissed, with costs disbursements to defendant City of New York as taxed by the Clerk, upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of defendant City of New York accordingly; and it is further

**ORDERED** that the action is severed and shall continue as to defendants Metropolitan Transportation Authority and New York City Transit Authority; and it is further

**ORDERED** that the remainder of the City's motion is otherwise denied; and it is further

**ORDERED** that the remaining parties are directed to appear for a previously scheduled in-person status conference on May 8, 2025 at 11:30 a.m. in IAS Part 21, 80 Centre Street Room 280, New York, New York.

According to the complaint, on May 19, 2020, plaintiff allegedly tripped and fell on "entrance/exit stairs of the train station, described as 'S1' and 'M1,'" at the "subway station known as the 125th Street Station, 1 Train" in Manhattan (*see* Exhibit B in support of motion, complaint ¶ 22 [NYSCEF Doc. No. 35]). Issue was joined as to defendant City of New York (City) on or about October 13, 2021 (NYSCEF Doc. No. 8).

[* 1]

The City now moves for summary judgment dismissing the complaint as against it, on the ground that it is an out-of-possession landlord who therefore has no liability. In the alternative, the City seeks summary judgment in its favor against defendant New York City Transit Authority (NYCTA) for contractual indemnification and/or common-law indemnification. Plaintiff opposes the City's motion. The NYCTA did not oppose the City's motion.

Oral argument was held on November 8, 2024. The parties did not request a stenographer for the oral argument.

"On a motion for summary judgment, the moving party must make a prima showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

"The moving party need not specifically disprove every remotely possible state of facts on which its opponent might win the case" (*Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320 [2009]). However, the "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

Here, the City established that it is an out-of-possession landlord of the subway system, pursuant to 1953 master lease between the City of New York and the NYCTA, which remains in effect (*see* Exhibit E in support of motion [NYSCEF Doc. No. 38]). Section 2.1 of the Lease states, in relevant part, "The City leases to the [Transit] Authority . . . all of the transit facilities now owned or hereafter acquired or constructed by the City and any other materials, supplies and property incidental to or necessary for the operation of such transit facilities" (*id.* at 3). As the City points out, the subway staircase is "incidental to or necessary for the operation" of the subway, as a means of ingress and egress to the subway.

"It is well settled that '[a] landlord is not generally liable for negligence with respect to the condition of property after its transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs or maintain the premises, or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense, and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision'" (*Malloy v Friedland*, 77 AD3d 583, 583 [1st Dept 2010] [internal citation omitted]).

In opposition, plaintiff argues that the City has a contractual right to reenter to make repairs, pursuant to Section 8.2 of the lease. Section 8.2 states,

151873/2021   LOPEZ, MICHELLE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL          Page 2 of 4
Motion No.  002

2 of 4

[* 2]

"Subject to the provisions of Section 8.3 of this Article VIII, the City, through its duly designated officers and employees, shall have the right to enter upon the Leased Property with men, equipment, trucks and vehicles for the purpose of making repairs, replacements, extensions and relocations *of such service facilities* as shall be necessary in the opinion of the City" (Exhibit E, at 20 [emphasis supplied]).

The City argues that the right of reentry is limited to repair, replacements, extensions and relocations of "service facilities," which does not include the staircase at issue. The court agrees.

Although "service facilities" is not defined in Section 8.2, it is mentioned in Section 8.1, which states,

"The Authority and the City recognize that in, on or across the Leased Property there are presently located sewers, water mains, sludge lines, tanks, power lines, telephone lines *and other service facilities of the City used for other than transit purposes* and also recognize that the maintenance of such service facilities is reserved to and the duty of the City" (Exhibit E, at 20).

"Under the rule of ejusdem generis, the meaning of a word in a series of words is determined 'by the company it keeps.' 'A series of specific words describing things or concepts of a particular sort are used to explain the meaning of a general one in the same series" (*Lend Lease [U.S.] Constr. LMB Inc. v Zurich Am. Ins. Co.*, 136 AD3d 52, 57 [1st Dept 2015], *affd* 28 NY3d 675 [2017] [internal citations omitted]).

Thus, "service facilities" must be construed to refer to something that is similar to "sewers, water mains, sludge lines, tanks, power lines, or telephone lines." A staircase is not a service facility.

The City has therefore demonstrated prima facie entitlement to summary judgment.

Plaintiff's counsel nevertheless argues that the City did not meet its prima facie burden because it did not establish whether it exercised its right of reentry, and that the City did not establish that it did not cause or create the alleged defect. Plaintiff argues that summary judgment is premature because the City has not yet been deposed.

In the court's view, whether a "service facility" existed at or near the subway staircase at issue, and whether the City exercised a right of reentry to repair, replace, or relocate such a service facility are a remotely possible state of facts for which the City was not required to disprove to meet its prima facie burden (*Ferluckaj,* 12 NY3d at 320). "'The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion'" (*Loja v 133 Lincoln LLC,* 227 AD3d 446, 447 [1st Dept 2024] [citation omitted]).

151873/2021   LOPEZ, MICHELLE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL          Page 3 of 4
Motion No.  002

3 of 4

[* 3]

Thus, the City's motion for summary judgment dismissing the complaint as against it, on the ground that it is an out-of-possession landlord, is granted (*Santiago v City of New York*, 137 AD3d 455, 456 [1st Dept 2016] [City was an out-of-possession landlord that did not have responsibility for the allegedly hazardous condition of the subway steps]).

The City's own cross claim for common-law indemnification and contribution against the NYCTA are dismissed as academic (*Rogers v Rockefeller Group Intl.., Inc.*, 38 AD3d 747, 750 [2d Dept 2007]).

The branch of the City's motion for conditional summary judgment against the NYCTA is denied as academic. The City sought this relief in the alternative if its motion for summary judgment were denied. At oral argument, the City's counsel indicated that the City did not wish to seek recoupment of any defense costs incurred by the City to date (i.e., the City's own attorneys' fees).

20241108124656RTSAIC85FCD84F5B04B86B7C5E26A1511C50D

| 11/8/2024 | | RICHARD TSAI, J.S.C. |
| --- | --- | --- |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151873/2021   LOPEZ, MICHELLE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          Page 4 of 4
**Motion No.  002**

4 of 4