**Lopez v City of New York**

2025 NY Slip Op 31062(U)

April 2, 2025

Supreme Court, New York County

Docket Number: Index No. 152889/2016

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                    PART                 21

                              *Justice*

-------------------------------------------------------------------------------X

MICHELLE LOPEZ,                                 INDEX NO.         152889/2016

                    Plaintiff,                  MOTION DATE       02/29/2024

          - v -                                 MOTION SEQ. NO.      002

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY, and 1988 SECOND AVENUE HOLDING LLC,

                    Defendants.                  **DECISION + ORDER ON
                                                 MOTION**

-------------------------------------------------------------------------------X

1988 SECOND AVENUE HOLDING LLC,                    Third-Party
                                              Index No.  595515/2016
                    Third-Party Plaintiff,

          -against-

SKANSKA SCHIAVONE & SHEA,  S3 TUNNEL
CONSTRUCTORS, and ZURICH AMERICAN INSURANCE
COMPANY,

                    Third-Party Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 1, 11, 21, 27, 77-135, 137

were read on this motion to/for                    JUDGMENT - SUMMARY          .

   In this action alleging a trip and fall on a sidewalk grate, defendant 1988 Second Avenue Holding, LLC (1988 Second Avenue) moves for summary judgment dismissing the complaint as against it, on the ground that it does not own the grate, and for summary judgment in its favor on its third-party claims against third-party defendants Skanska Schiavone & Shea and S3 Tunnel Constructors (the Skanska Third-Party Defendants) and Zurich American Insurance Company.  Plaintiff opposes the motion. The Skanska Third-Party Defendants partially oppose the motion.

   Defendant City of New York (City) also cross-moves for summary judgment dismissing the complaint as against it, on the ground that defendant New York City Transit Authority (NYCTA) has a duty to maintain the grate at issue.  In the alternative, the City moves for summary judgment in its favor on its cross-claim against the NYCTA for contractual indemnification.  Plaintiff opposes the City's cross-motion.

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**                    **Page 1 of 14**
**Motion No.  002**

[* 1]

Lastly, the Skanska Third-Party Defendants cross-move for summary judgment dismissing the third-party complaint as against them. Plaintiff opposes the Skanska Defendants' cross-motion. The NYCTA partially opposes the Skanska Defendants' motion.[1]

This decision address the motion and both cross-motions.

## BACKGROUND

### The Trip and Fall Incident

On September 12, 2015, at approximately 10:00 p.m., plaintiff allegedly fell while walking on a sidewalk abutting premises located at 1990-1996 Second Avenue in Manhattan, allegedly owned by defendant 1988 Second Avenue (*see* Exhibit A in support of 1988 Second Avenue's motion, complaint ¶¶ 31-38 [NYSCEF Doc. No. 79]; *see also* Exhibit G in support of 1988 Second Avenue's motion, bill of particulars ¶ 3 [NYSCEF Doc. No. 85]).

At her deposition, plaintiff testified that she tripped on raised grating on the sidewalk of Second Avenue, between 102nd and 103rd Streets and fell (*see* Exhibit H in support of 1988 Second Avenue's motion, plaintiff's EBT at 7, lines 17-19; at 8, lines 10-14; at 10, lines 4-5; at 11, lines 12-14; at 51, lines 21-22 [NYSCEF Doc. No. 86]). According to plaintiff, "The grating, it was all popped out. It was all out from the sidewalk" (*id.* at 10, lines 4-5). During her deposition, plaintiff circled the raised subway grating she tripped on in photographs marked as exhibits (*id.* at 16, lines 16-20; at 19, lines 2-4; at 21, lines 5-6; at 42, lines 21-23; at 63, line 10 through 64, line 8).

### Ownership of the Grate

Sirish Musthyala was deposed on behalf of the NYCTA on February 6, 2019 (*see* Exhibit I in support of 1988 Second Avenue's motion [NYSCEF Doc. No. 87]). Musthyala testified that he is an Assistant Project Manager employed by MTA Capital Construction (Musthyala EBT, at 7, lines 15-17; at 8, lines 7-9). Musthyala testified as follows:

"Q.     In the area that we've been discussing, Second Avenue between 102nd and 103rd, do you know who owns the sidewalks?

---

[1] The NYCTA also requests that, if the court grants 1988 Second Avenue's motion, then the third-party action "be converted to a NYCTA's cross-claims against Skanska, or in the alternative, allow NYCTA to initiate a third-party action[ ] against Skanska" (affirmation of NYCTA's counsel ¶ 6 [NYSCEF Doc. No. 129]). First, a request for affirmative relief in opposition papers (i.e., leave of court to commence a third-party action) without a notice of motion for such relief is procedurally improper. Second, the requested relief makes no sense. Third-party practice is governed by CPLR 1007. The Skanska Third-Party Defendants are not direct defendants, and the NYCTA did not assert any third-party claims against the Skanska Third-Party Defendants. Thus, there are no third-party claims to be converted into cross claims.

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**                    Page 2 of 14
**Motion No.  002**

2 of 14

[* 2]

A. I'm not sure.

Q. Do you know who owns the grates that are attached or submerged inside the sidewalk?

A. At one point it was New York City Transit.

Q. When you say 'at one point,' what does that mean?

A. Because those were taken out and then replaced with the concrete slab.

Q. Is it your understanding that looking at the photograph that's attached to Plaintiff's Exhibit 2, which would depict grates located on the sidewalk, that this type of grate on the sidewalk would be owned by the New York City Transit Authority?

A. I'm saying if the photograph was taken between 102nd and 103rd Street, probably yes" (*id.* at 50, lines 4-23).

Later on in the deposition, Musthyala states:

Q. . . . You indicated that you did not know whether the Transit owns the grates that are located between 102nd and 103rd Steet on Second Avenue, do you know who in Transit may have that knowledge regarding the ownership?

A. No, I thought I did say that the grates are owned by Transit.

Q. The grates are owned by Transit?

A. Right.

Q. On the date of the accident, 9/12/2015?

A. (Indicating).

Q. Yes?

A. Yes" (*id.* at 71, line 24 through 72, line 12).

Alaeden Jlelaty appeared for deposition on behalf of the Skanska Third-Party Defendants on December 11, 2019 (*see* Exhibit K in support of 1988 Second Avenue's motion, Jlelaty EBT [NYSCEF Doc. No. 89]; *see also* Exhibit E in support of the Skanska Defendants' motion [NYSCEF Doc No. 121]). Jlelaty testified that he is

**152889/2016  LOPEZ, MICHELLE vs. CITY OF NEW YORK**   **Page 3 of 14**
**Motion No.  002**

3 of 14

[* 3]

employed by Skanska USA Civil, which is a member of the joint venture known as Skanska Schiavone & Shea (*id.* at 16, lines 11-14; at 8). According to Jlelaty, Slattery Associates, the predecessor to Skanska, installed the grate "[a]pproximately late 60's, early70's" (*id.* at 190, line 16 through 191, line 16). Jlelaty testified that, underneath the grate was "[t]he old venting system that the [NYC]TA used to utilize back in the 70's (*id.* at 159, lines 23-24).

### The Abutting Property

Zev Friedman was deposed on behalf of 1988 Second Avenue on September 18, 2019 (*see* Exhibit J in support of 1988 Second Avenue's motion, Friedman EBT [NYSCEF Doc. No. 88). Friedman testified that he is the chief financial officer of the company (*id.* at 9, lines 6-7). According to Friedman, at the end of 2015, 1988 Second Avenue purchased from Ginamay Realty the property located at 1988-1996 Second Avenue, which consisted of empty lots (*id.* at 13, lines 15-20; at 16, lines 4-12). Friedman recalled that the closing took place in November 2015 (*id.* at 24, line 24 through 25, line 2). However, when asked if the property was purchased in November 2015, Friedman answered, "It was a guess"; "Definitely not absolutely certain" (*id.* at 52, lines 4-11).

Friedman testified that he knew that, at the time 1988 Second Avenue acquired the property, the property was leased to "Skanska, Schiavone, Shea, a joint venture" (*id.* at 17, lines 6-7, 12-17; Exhibit M in support of 1988 Second Avenue's motion, joint venture lease [NYSCEF Doc. No. 91]). The lease was made on June 18, 2007 for a one year term starting on June 1, 2007 and ending May 31, 2008, and the joint venture had an option renew the lease in six month extension terms (*see* joint venture lease ¶ 2).

Pursuant to an Assignment and Assumption of Lease, Ginamay Realty LLC assigned its lease with Skanska, Schiavone, Shea to 1988 Second Avenue, who assumed the lease (*see* Exhibit P in support of 1988 Second Avenue's motion [NYSCEF Doc. No. 94]). According to Friedman, 1988 Second Avenue notified Skanska that it took over the property and to send the rent to 1988 Second Avenue, which it received (Friedman EBT, at 21, lines 15-24).

According to Jlelaty, the joint venture of Skanska, Schiavone, Shea was involved in the construction of a portion of the Second Avenue subway, between 63rd Street and 96th Street (*id.* at 20, lines 17-20; at 162, lines 2-7).

Jlelaty testified that he inspected the property and surroundings in June 2007 (*id.* at 44, line 25 through 45, line 2; at 48, lines 15-16), and there were two "small wooden structures" like sheds on the property, which he wanted to demolish (*id.* at 45, lines 2-14; at 46, line 21 through 47, line 8). Besides the two sheds, the lot was completely empty (*id.* at 47, lines 17-21). The joint venture removed the two sheds in August or September 2007 (*id.* at 65, lines 13-20).

152889/2016  LOPEZ, MICHELLE vs. CITY OF NEW YORK
Motion No. 002

Page 4 of 14

Jlelaty stated that the joint venture intended to use the property for "[s]upport of the Second Avenue Subway project," i.e. to store mostly pickup trucks and lumber (*id.* at 64, line 15 through 65, line 8; at 168, lines 13-15).

Jlelaty testified that a photograph marked as Defendants' Exhibit B at his deposition depicted the lot leased to the joint venture in 2007 (*id.* at 128, lines 4-11). The photograph depicts a gate and a fence on the lot (*see* Exhibit F in support of the Skanska Defendants' motion, photograph [NYSCEF Doc No. 122]). According to Jlelaty, the gate opens to 20 feet to the very left of the edge of the photograph (*id.* at 167, line 25 through 168, line 12), and the fence extends all the way to the right to the end of the property, approximately 100 feet (*id.* at 185, lines 20-23; at 186, lines 11-14). According to Jlelaty, the only way through the lot was through the gate that was open on the left-hand side of the photograph (*id.* at 187, lines 11-18). Jlelaty stated that trucks would drive into the lot "all the time" (*id.* at 169, lines 9-15).

## PROCEDURAL HISTORY

On April 5, 2016, plaintiff commenced this action by filing a summons with notice (*see* NYSCEF Doc. No. 1). On May 24, 2016, issue was joined as to 1988 Second Avenue, who asserted cross claims against the City and the NYCTA for common-law indemnification and contribution (*see* NYSCEF Doc. No. 11). On or about May 6, 2016, issue was joined as to the City, who asserted cross claims against the NYCTA and 1988 Second Avenue for contribution (*see* Exhibit A in support of City's cross-motion, answer [NYSCEF Doc. No. 110]).

On July 1, 2016, 1988 Second Avenue commence a third-party action against the Skanska Third-Party Defendants, asserting three causes of action sounding in contribution, common-law indemnification, and breach of contract (*see* NYSCEF Doc No. 21). The third-party complaint also asserted a fourth cause of action against Zurich American Insurance Company (Zurich) for insurance coverage (see NYSCEF Doc. No. 21).[2] On August 9, 2016, issue was joined in the third-party action as to the Skanska Third-Party Defendants (*see* NYSCEF Doc. No. 27). The Skanska Third-Party Defendants asserted a counterclaim against 1988 Second Avenue for common-law indemnification. On or about August 9, 2016, issue was joined in the third-party action as to Zurich.

Plaintiff filed the note of issue on October 17, 2023 (*see* NYSCEF Doc. No. 137).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering

---

[2] By decision and order dated September 6, 2024 and entered September 10, 2024, this court granted Zurich's motion to sever the fourth cause of action from this action (*see* NYSCEF Doc. No. 164). The severed cause of action has been assigned its own index number, *1988 Second Avenue Holdings, LLC v. Zurich American Insurance Company*, Index No. 452957/2024.

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  002**

Page 5 of 14

5 of 14

sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

I.     1988 Second Avenue's motion for summary judgment

A.  Summary judgment dismissing the complaint

1988 Second Avenue met its prima facie burden of summary judgment dismissing the complaint as against it, based on plaintiff's deposition testimony that she tripped and fell over a raised grating, and evidence that the grating was owned by someone else other than 1988 Second Avenue. At his deposition, Musthyala testified that the grates are owned by the NYCTA (Musthyala EBT at 71, line 24 through 72, line 12), and Jlelaty testified that Slattery Associates, the predecessor to Skanska, installed the grate in the late 60s, early 70s (Jlelaty EBT at 190, line 16 through 191, line 16). The NYCTA does not dispute the evidence that it owns the grate at issue.

34 RCNY § 2-07 (b) imposes upon the owner of a cover or grating on a street a nondelegable duty of maintenance and repair of the cover or grating, as well as the area extending 12 inches from its perimeter (*Roa v City of New York*, 188 AD3d 504 [1st Dept 2020]; *Storper v Kobe Club*, 76 AD3d 426 [1st Dept 2010]; *Hurley v Related Mgt. Co.*, 74 AD3d 648 [1st Dept 2010]). "There is nothing in Administrative Code § 7–210 to show that the City Council intended to supplant the provisions of 34 RCNY 2–07 and to allow a plaintiff to shift the statutory obligation of the [owner of the grates] to the abutting property owner" (*Storper*, 76 AD3d at 427). Thus, "34 RCNY 2–07(b) provides an exception to the landowner's liability with respect to covers and their surrounding street areas" (*Jones v Vornado New York RR One L.L.C.*, 223 AD3d 467, 468 [1st Dept 2024]).

In opposition, plaintiff argues that 1988 Second Avenue did not meet its prima facie burden because it did not address the issue of whether the use of the lot adjacent to the grate constituted a "special use" of the sidewalk. As plaintiff points out, Skanska used the lot to store equipment, including pick-up trucks and lumber (affirmation of plaintiff's counsel in opposition at 15-18 [NYSCEF Doc. No. 99]).

The court rejects plaintiff's argument that, in order to meet its prima facie burden, 1988 Second Avenue was required to affirmatively establish that it did not make special use of the grate that allegedly caused plaintiff to trip and fall. "The moving party need not specifically disprove every remotely possible state of facts on which its opponent might win the case" (*Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320 [2009]).

Additionally, plaintiff did not raise a triable issue of fact as to whether 1988 Second Avenue made special use of the grate.

152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK
Motion No.  002

Page 6 of 14

The regular use of the public sidewalk as a driveway and parking lot could constitute a special use (*Infante v City of New York*, 258 AD2d 333, 334 [1st Dept 1999]; *Peretich v City of New York*, 263 AD2d 410 [1st Dept 1999]). However, the trucks that entered the lot were under the control of the lessee, the joint venture of Skanska, Schiavone, Shea; the trucks did not belong to 1988 Second Avenue. Thus, any alleged special use cannot be imputed to 1988 Second Avenue.

Additionally, plaintiff submits no evidence that trucks had driven over the grates to park onto the lot owned by 1988 Second Avenue. Although Jlelaty testified that pickup trucks drove onto the lot "all the time" (*see* Jlelaty EBT at 169, lines 9-15), he also testified that the only way to enter the lot was through a gate, which was to the left of the grates, as depicted on a photograph marked as Defendants' Exhibit B (*see* Exhibit F in support of the Skanska Defendants' motion). Thus, it is not reasonable to infer from his testimony that trucks would have driven over the grates in order to enter the lot through the gate.

Plaintiff's reliance upon *Mincey v Mensch* (253 AD2d 656 [1st Dept 1998]) is misplaced. There, the Appellate Division, First Department found that "[a]n issue of fact exists as to whether the defect in the corner curb where plaintiff fell was caused by cars driving over the curb in the course of entering and exiting the vacant lot (used as a parking lot) that lay between the curb and defendants' buildings" (*id.* at 656). The Appellate Division stated,

> "That plaintiff did not trip over the part of the curb that was cut to provide entrance to the lot, but rather over the part located at the corner *some distance away* from the curb cut, does not eliminate the possibility, *at this early stage of the action*, that the individual defendants' alleged special use of the sidewalk produced a proximate cause of the fall"
> (*id.* at 657 [emphasis added]).

Unlike *Mincey*, this action is not in the early stages of discovery; the note of issue was filed on October 17, 2023 (*see* NYSCEF Doc. No. 137). Plaintiff's argument that the weight of the traffic from the driveway "is speculative and based solely upon her attorney's affirmation" (*Trent-Clark v City of New York*, 114 AD3d 558 [1st Dept 2014]).

Plaintiff's reliance upon *Stockdale v City of New York* (294 AD2d 195 [1st Dept 2002]) is also misplaced. There, the court assumed "that the heavy equipment used by appellant's independent contractor in the construction of appellant's new building caused the defect" (*id.* at 196).

Therefore, 1988 Second Avenue's motion for summary judgment dismissing the complaint as against it is granted, and the complaint is severed and dismissed as against this defendant.

Because 1988 Second Avenue can no longer be held liable to plaintiff, the cross claims of defendants New York City Transit Authority and City of New York are

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 7 of 14**

dismissed by operation of law (*see e.g. Bendel v Ramsey Winch Co.*, 145 AD3d 500, 501 [1st Dept 2016] [in view of the dismissal of the complaint in its entirety as against a defendant, the cross claims against that defendant are also dismissed]). 1988 Second Avenue's own cross claims for common-law indemnification and contribution against all the other defendants are dismissed as academic (*Rogers v Rockefeller Group Intl.., Inc.*, 38 AD3d 747, 750 [2d Dept 2007]).

    B.  Summary judgment in 1988 Second Avenue's favor against the Skanska Third-Party Defendants

1988 Second Avenue seeks summary judgment in its favor on the third cause of action of the third-party complaint against the Skanska Third-Party Defendants, for breach of contract. 1988 Second Avenue asserts that its lease with the joint venture of Skanska, Schiavone, Shea (which is one of the Skanska Third-Party Defendants) required the joint venture to obtain insurance coverage that named 1988 Second Avenue as an additional insured under the joint venture's insurance policy. According to 1988 Second Avenue, a certificate of insurance named it as an additional insured, but its insurance carrier refused to provide coverage for this lawsuit (*see* affirmation of 1988 Second Avenue's counsel ¶¶ 26, 29).[3]

The Skanska Third-Party Defendants claim that the joint venture of Skanska, Schiavone, Shea did procure the insurance coverage and endorsements required under their lease, and that coverage was obtained from Zurich American Insurance Company, under policy number GLO 4896008-08, which was in effect from the period from August 31, 2015 through August 31, 2016 (*see* affirmation of the Skanska Third-Party Defendants' counsel in partial opposition ¶¶ 21-22; *see* Exhibit B in partial opposition, insurance policy [NYSCEF Doc. No. 105]).

1988 Second Avenue has not met its prima facie burden that the coverage required under the lease was not procured by the joint venture of Skanska, Schiavone and Shea. Section 9 of the Lease states,

> "The Lessee shall obtain, at its own expense, the appropriate comprehensive fire, casualty, and general liability insurance approved by the Lessor, naming the Lessor as an additional insured under policies. The Lessee shall provide the Lessor with a certificate evidencing the Lessee's compliance with the provision of this paragraph" (*see* Exhibit L in support of 1988 Second Avenue's motion, lease [NYSCEF Doc. No. 91]).

The policy issued by Zurich American Insurance Company, under policy number GLO 4896008-08, contained Commercial General liability coverage in the general aggregate

---

[3] As the Skanska Third-Party Defendants point out, the certificate of insurance upon which 1988 Second Avenue relies does not show coverage for the date of the alleged incident in this case, September 12, 2015, but rather shows coverage for an irrelevant period prior to the alleged incident, from August 31, 2014 to August 31, 2015 (*see* Exhibit Q in support of 1988 Second Ave's motion, certificate of insurance [NYSCEF Doc. No. 95]).

**152889/2016  LOPEZ, MICHELLE vs. CITY OF NEW YORK**    **Page 8 of 14**
**Motion No.  002**

8 of 14

[* 8]

limit of $10 million, and $5 million per occurrence (*see* insurance policy at UCL-D-1115-B CW (9/04) [NYSCEF Doc. No. 105]). Ginamay Realty LLC, who entered into the lease with Skanska, Schiavone, Shea, a joint venture, does not appear to be specifically named in the policy.

However, the Skanska Third-Party Defendants point out that the policy declarations contain several endorsements for additional insureds under which 1988 Second Avenue could fall under as an additional insured: "owners, lessees or contractors"; "managers or lessors of premises" and "owners or other interests from whom land has been leased" (affirmation of the Skanska Defendants' counsel ¶ 33 [NYSCEF Doc. No. 116]).

The "INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION" endorsement states, in relevant part: "A. Section II – Who is An Insured is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured" (*see* insurance policy, at endorsement CG 20 10 11 85). The Schedule states, "Name of Person or Organization: ANY PERSON, ORGANIZATION, STATE OR POLITICAL ENTITY YOU HAVE AGREED THROUGH CONTRACT, AGREEMENT OR PERMIT TO RPOVIDE [sic] ADDITIONAL INSURED COVERAGE" (*id.*).

Although not raised by the Skanska Defendants, the court notes that a "Blanket Additional Insured" endorsement immediately follows after the "INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION" endorsement. The Blanket Additional Insured endorsement states, in relevant part:

"**BLANKET ADDITIONAL INSURED**

ANY PERSON, ORGANIZATION, STATE OR POLITICAL ENTITY YOU HAVE AGREED THROUGH CONTRACT, AGREEMENT OR PERMIT TO PROVIDE ADDITIONAL INSURED COVERAGE. / ALL LOCATIONS

A. SECTION II --- - WHO IS AN INSURED IS AMENDED TO INCLUDE AS AN INSURED THE PERSONS OR ORGANIZATIONS SHOWN IN THE SCHEDULE OF THIS ENDORSEMENT.

B. THE INSURANCE PROVIDED TO THE ADDITIONAL INSURED SHOWN IN THE SCHEDULE OF THIS ENDORSEMENT APPLIES ONLY TO 'BODILY INJURY', 'PROPERTY DAMAGE' OR 'PERSONAL AND ADVERTISING INJURY' COVERED UNDER SECTION I --- - COVERAGE A --- - BODILY INJURY AND PROPERTY DAMAGE LIABILITY AND SECTION I --- - COVERAGE B --- - PERSONAL AND ADVERTISING INJURY LIABILITY, BUT ONLY WITH RESPECT TO LIABILITY FOR 'BODILY INJURY', 'PROPERTY DAMAGE' OR 'PERSONAL AND ADVERTISING INJURY' CAUSED:

152889/2016  LOPEZ, MICHELLE vs. CITY OF NEW YORK                    Page 9 of 14
Motion No.  002

9 of 14

1. IN WHOLE OR IN PART, BY YOUR ACTS OR OMISSIONS OR THE ACTS OR OMISSIONS OF THOSE ACTING ON YOUR BEHALF; OR

2. UNLESS PROHIBITED BY LAW, SOLELY BY ACTS OR OMISSIONS OF SUCH ADDITIONAL INSURED, IF COVERAGE FOR SOLE ACTS OR OMISSIONS OF THE ADDITIONAL INSURED IS REQUIRED BY WRITTEN CONTRACT OR WRITTEN AGREEMENT, AND RESULTING FROM:

A.  YOUR ONGOING OPERATIONS; OR

B. 'YOUR WORK' COMPLETED AS INCLUDED IN THE "PRODUCTS-COMPLETED OPERATIONS HAZARD'" (*see* insurance policy [NYSCEF Doc. No. 105).

1988 Second Avenue does not contend either that coverage required under the lease was absent from the insurance policy that the joint venture obtained, or that its predecessor, Ginamay Realty LLC, had disapproved the coverage that was obtained.

The insurer's refusal to defend or indemnify 1988 Second Avenue under the policy does not establish that the Skanska Third-Party Defendants failed to procure the agreed-upon coverage (*Perez v Morse Diesel Intl., Inc.*, 10 AD3d 497, 498 [1st Dept 2004]; *see also Titov v V&M Chelsea Prop., LLC*, 230 AD3d 614, 620 [2d Dept 2024] [that the insurer later declined to defend the additional insured did not raise a triable issue of fact as to whether the defendant procured insurance as was required in the first instance]).  As the Skanska Third-Party Defendants point out, plaintiff did not trip and fall on the premises leased to the joint venture of Skanska, Schiavone, Shea.  As discussed above, the court rejected the speculative argument of plaintiff's counsel that the movement of pickup trucks entering the lot had caused the alleged defect in the subway grates abutting the premises.

The branch of 1988 Second Avenue's motion for summary judgment in their favor on the third cause of action of the third-party complaint against the Skanska Third-Party Defendants is therefore denied.

C.  Summary judgment in 1988 Second Avenue's favor against Zurich.

1988 Second Avenue failed to meet its prima facie burden of summary judgment in its favor on the fourth cause of action against Zurich. [4]  As Zurich points out, as the party seeking coverage as an additional insured under the policy, 1988 Second Avenue must establish that it is entitled to coverage under the terms of the policy.  1988 Second Avenue does not cite to any provision of the insurance policy that was purportedly

---

[4] Although the fourth cause of action has been severed into its own action, Zurich was a party at the time 1988 Second Avenue made its motion.

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 10 of 14**

breached by Zurich. Indeed, as Zurich points out, 1988 Second Avenue's moving papers did not even contain a copy of the policy.

Therefore, the branch of 1988 Second Avenue motion for summary judgment in its favor against Zurich is denied.

II.    The City's cross-motion for summary judgment

A.  Summary Judgment dismissing the complaint

The branch of the City's cross-motion for summary judgment dismissing the complaint as against it is granted.

As discussed above, Musthyala testified at his deposition that the grates are owned by the NYCTA (Musthyala EBT at 71, line 24 through 72, line 12), and Jlelaty testified that Slattery Associates, the predecessor to Skanska, installed the grate in the late 60s, early 70s  (Jlelaty EBT at 190, line 16 through 191, line 16).  Because the unrebutted evidence is that the City is not the owner of the grate, it has no liability under 34 RCNY § 2-07 (b), which is the only possible basis for the City's liability in this action.

Because the City can no longer be held liable to plaintiff, the cross claims of the NYCTA against the City are dismissed by operation of law (*see e.g. Bendel*, 145 AD3d at 501).  The City's own cross claims for common-law indemnification and contribution against all the other defendants are dismissed as academic (*Rogers*, 38 AD3d at 750).

B.  Conditional Summary judgment in the City's favor against the NYCTA for contractual indemnification

The branch of the City's motion for summary judgment in its favor against the NYCTA for contractual indemnification is denied as academic, as the City sought this alternative relief only if the action were not dismissed as against the City (*see* affirmation of the City's counsel in support of cross-motion ¶ 38).

III.    The Skanska Defendants' cross-motion for summary judgment

The first and second causes of action of the third-party complaint, for contribution and common-law indemnification, respectively, against the Skanska Third-Party Defendants are dismissed.

As discussed above, the underlying complaint was dismissed as against 1988 Second Avenue.  Because 1988 Second Avenue can no longer be held liable to plaintiff, it therefore follows that 1988 Second Avenue cannot seek common-law indemnification or contribution from the Skanska Third-Party Defendants in the third-party action (*see e.g. Weinheimer v Hoffman*, 97 AD2d 314, 319 [3d Dept 1983] ["A *sine qua non* of any third-party action for contribution is that there be some possibility of liability of the third-party plaintiff on the primary claim]; *McCarthy v Turner Const., Inc.*, 17 NY3d 369, 377-

**152889/2016  LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 11 of 14**

11 of 14

78 [2011] ["a party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part"]).

The court need not reach the merits of the parties' arguments.[5]

As to the third cause of action, alleging breach of the lease for the premises because the Skanska Third-Party Defendants allegedly failed to obtain insurance coverage naming 1988 as an additional insured, the Skanska Third-Party Defendants met their prima face burden of summary judgment.

As discussed above in Section I.B of this decision, Section 9 of the lease with the joint venture of Skanska, Schiavone, Shea states,

"The Lessee shall obtain, at its own expense, the appropriate comprehensive fire, casualty, and general liability insurance approved by the Lessor, naming the Lessor as an additional insured under policies. The Lessee shall provide the Lessor with a certificate evidencing the Lessee's compliance with the provision of this paragraph" (*see* Exhibit L in support of 1988 Second Ave' s motion, lease [NYSCEF Doc. No. 91]).

The Skanska Third-Party Defendants submitted a copy of an insurance policy issued by Zurich American Insurance Group. to Skanska, Inc., under policy number GLO 4896008-08, which was in effect from August 31, 2015 to August 31, 2016 (*see* Exhibit B in partial opposition, insurance policy [NYSCEF Doc. No. 105]). Jlelaty testified at his deposition that Skanska USA Civil was one of the members of the joint venture (Jlelaty EBT at 16, lines 11-14; at 8). Both Skanska USA Civil and defendant S3 Tunnel Constructors "(AS RESPECTS 2ND AVENUE SUBWAY)" are listed among a schedule of named insureds under the policy (*see* insurance policy, Endorsement No. 006).

As discussed above, the policy contained an endorsement for "INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR

---

[5] The NYCTA opposed the Skanska Defendants' motion, arguing that Skanska made special use of the sidewalk grating, in the vehicles "had to drive over the sidewalk grates," which "caused progressive deterioration of the sidewalk grating" (*see* affirmation of the NYCTA's counsel in partial opposition ¶ 5). As discussed above, plaintiff raised a similar argument in opposition to 1988 Second Avenue's motion, which this court rejected, and the NYCTA's argument is similarly unavailing for the same reasons.

The pictures from Google Street view do not depict any trucks on the grates (*see* Exhibit A in NYCTA's opposition cross motion [NYSCEF Doc. No. 130]). Rather, the pictures depict concrete barriers around (but not on) the grates, and trucks parked in the parking lane. The only picture of objects on the grate are two photographs from May 2009, which appear to depict four yellow, portable safety railings on top of the grates, which would weigh less than a pickup truck (*see id.*).

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 12 of 14**

ORGANIZATION", under which 1988 Second Avenue could be considered as an insured.

1988 Second Avenue fails to raise a triable issue of fact as to whether the Skanska Third-Party Defendants failed to obtain the insurance coverage required under the lease between 1988 Second Avenue and the joint venture of Skanska, Schiavone, Shea.

In sum, the Skanska Third-Party Defendants are entitled to summary judgment dismissing the first, second, and third causes of action of the third-party complaint.

Upon the court's own initiative, the Skanska Defendants' counterclaim for common-law indemnification against 1988 Second Avenue is dismissed (*Rogers*, 38 AD3d at 750).

## CONCLUSION & ORDER

Upon the foregoing documents, it is **ORDERED** that the motion for summary judgment by defendant 1988 Second Avenue Holding, LLC is **GRANTED IN PART TO THE EXTENT THAT** the complaint is severed and dismissed as against 1988 Second Avenue Holding, LLC, with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs, and the motion is otherwise denied; and it is further

**ORDERED** that the cross claims by and against defendant 1988 Second Avenue Holding, LLC are dismissed; and it is further

**ORDERED** that the Clerk is directed to enter judgment in this defendant's favor accordingly; and it is further

**ORDERED** that the cross-motion by defendant City of New York is **GRANTED IN PART TO THE EXTENT THAT** the complaint is severed and dismissed as against defendant City of New York, with costs and disbursements to this defendant as taxed by the Clerk upon submission of an appropriate bill of costs, and the motion is otherwise denied; and it is further

**ORDERED** that the cross claims by and against defendant City of New York are dismissed; and it is further

**ORDERED** that the Clerk is directed to enter judgment in this defendant's favor accordingly; and it is further

**ORDERED** that the cross-motion by third-party defendants Skanska Schiavone & Shea and S3 Tunnel Constructors for summary judgment dismissing the third-party action as against them is **GRANTED**, and the first, second, and third causes of action of the third-party complaint are severed and dismissed, with costs and disbursements to

these third-party defendant as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that, upon the court's own initiative, the counterclaim of third-party defendants Skanska Schiavone & Shea and S3 Tunnel Constructors against third-party plaintiff 1988 Second Avenue Holding LLC is dismissed; and it is further

**ORDERED** that the Clerk is directed to enter judgment in these defendants' favor accordingly; and it is further

**ORDERED** that the remainder of the action shall continue.

20250402115641RTSAI549AD433BCCA4D2C9B7B8FEF5C9D9B8C

**4/2/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| MOTION | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| CROSS MOTION | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| CROSS MOTION | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 14 of 14**