■ ANDREW BENDEL, Appellant-Respondent, v RAMSEY WINCH COMPANY, Appellant, and AUTOMOBILE CLUB OF NEW YORK, INC., et al., Respondents, et al., Defendants. [43 NYS3d 304]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 15, 2015, which, to the extent appealed from as limited by the briefs, denied in part the motion of defendant Ramsey Winch Company (Ramsey Winch) for summary judgment dismissing the complaint and all cross claims as against it, and denied plaintiff's motion for summary judgment on the issue of liability on his claims against defendants Automobile Club of New York, Inc., AAA of New York, Inc. (collectively AAA) and Quan Li, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of Ramsey Winch dismissing the complaint and all cross claims against it.

Plaintiff was injured when his car, which was being lifted by a winch onto a flatbed tow truck owned by AAA and operated by its employee, Quan Li, slid off the back of the truck, pinning plaintiff's leg between the car and a parking meter. The truck was manufactured by defendant Dynamic Towing Equipment & Manufacturing and contained a winch designed, manufactured, and sold by Ramsey Winch.

Ramsey Winch moved for summary judgment which the court partially granted, leaving claims for nuisance and a design defect in the winch. There is no basis in the record to maintain any public or private nuisance claims. Moreover, there was no design defect claim in the pleadings, including the cross claims asserted by AAA against Ramsey Winch. While AAA has asked this Court to deem the pleadings conformed to the proof, we decline to do so for the first time on appeal (*see M Entertainment, Inc. v Leydier*, 71 AD3d 517, 520 [1st Dept 2010]) and, in

any event, the proof is absent here. Maintaining a design defect claim requires a showing that the design defect was a substantial factor in plaintiff's accident and that it was possible for the product, here, the winch, to be designed in a safer manner (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]). There is also no evidence in the record showing that the winch, at the time it was manufactured, could have been designed differently. Rather, the evidence suggests that all winches, at that time, were designed in the same manner. Also, the evidence shows that AAA's tow operator, Quan Li, was not properly trained on the winch or provided with a copy of the winch's operating manual.

In view of the dismissal of the complaint in its entirety as against Ramsey Winch, the cross claims as against it are also dismissed.

Furthermore, since the evidence showed that AAA's inadequate training of Quan Li and his operation of the winch were the proximate causes of the accident, and that plaintiff was not in any way culpable, plaintiff is entitled to summary judgment on the issue of liability on his claims against AAA and Quan Li. Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.