| **Woisin v New York City Tr. Auth.** |
|:---:|
| 2024 NY Slip Op 33779(U) |
| October 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156125/2017 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. RICHARD TSAI**

*Justice*

PART   21

-----------------------------------------------------------------------------X

KENNETH WOISIN,

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY, THE CITY OF
NEW YORK, VORNADO 2 PENN PROPERTY
LLC,VORNADO NEW YORK R.R. ONE LLC,VORNADO
NEW YORK ONE LLC, MADISON SQUARE GARDEN
CENTER INC., MADISON SQUARE GARDEN L.P., MSGN
HOLDINGS L.E., MADISON SQUARE GARDEN
COMPANY, INC.,MADISON SQUARE GARDEN
CORPORATION, MSG ARENA LLC, MSG HOLDINGS,
L.P., CABLEVISION SYSTEMS CORPORATION, and
NATIONAL RAILROAD PASSENGER CORPORATION,

Defendants.

-----------------------------------------------------------------------------X

INDEX NO.   156125/2017

MOTION DATE   06/06/2022, 06/07/2022

MOTION SEQ. NO.   003 004

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 18, 24, 69, 71, 88-106, 134-138, 146-148, 158, 160-162

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER            .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 107-133, 139-145, 149-159, 163-164

were read on this motion to/for            DISMISS            .

    In this action, plaintiff alleges that, on April 22, 2016, he tripped and fell due to a defective sidewalk on the east side of Eighth Avenue between 33rd and 31st Street, New York, New York near Madison Square Garden (*see* Exhibit C in support of Motion Seq. 003, complaint ¶ 3 [NYSCEF Doc No. 94]).  According to a notice of claim, the defective sidewalk condition was located "within twelve inches of a Transit Authority grate" (*see* Exhibit B in support of Motion Seq. 003 [NYSCEF Doc. No. 93]).

    Defendants MSG Arena LLC, MSGN Holdings, L.P. f/k/a MSG Holdings, L.P.,[1] f/k/a Madison Square Garden, L.P., as successor in interest to Madison Square Garden Corporation and Madison Square Garden Center, Inc., also sued herein as Madison

---

[1] Although the answer of the MSG Defendants was on behalf of, among others, MSGN Holdings, *L.P.* (*see* NYSCEF Doc. No. 18), the order of consolidation dated December 19, 2018 named this defendant in the caption as MSGN Holdings, *L.E.* (*see* NYSCEF Doc. No. 71)

156125/2017  WOISIN, KENNETH vs. NEW YORK CITY TRANSIT
Motion No.  003 004

Page 1 of 7

1 of 7

Square Garden Company Inc., and Cablevision Systems Corporation (collectively, the MSG Defendants) now move for summary judgment dismissing the complaint and all cross claims as against them, on the ground that they did not own the grate at issue, and therefore had no duty to maintain the grate (Seq. No. 003). Plaintiff and the NYCTA oppose their motion.

The City separately moves for summary judgment dismissing the complaint and all cross claims as against it, on the ground that it did not have prior written notice of the alleged sidewalk defect, as required under Administrative Code of the City of New York § 7-201 (Seq. No. 004). Plaintiff and the NYCTA oppose the City's motion.

This decision addresses both motions.

## BACKGROUND

At his deposition, plaintiff testified that, as he was walking over the grate, his right foot got caught in a crack in the sidewalk right next to the grating (*see* Exhibit J in support of Motion Seq. 003, plaintiff's EBT at 14, lines 18 -22; at 48, line 21; at 76, line 23 [NYSCEF Doc. No. 101]). At his deposition, a photograph was marked as Exhibit 1 for identification (*id.* at 114, line 25 through 115, line 3; *see also* Exhibit K in support of Motion Seq. 003 [NYSCEF Doc. No. 102]). Plaintiff testified that he had drawn a circle on the photograph, which indicated the location of the accident (plaintiff's EBT at 115, lines 6-9).

At the deposition of the New York City Transit Authority (NYCTA), Vincent Fevola, a Maintenance Supervisor, testified that the NYCTA has gratings on the east side of 8th Avenue between 33rd and 31st Street (Exhibit L in support of Motion Seq. 003, Fevola EBT at 6, lines 13-14; at 17, lines 2-6 [NYSCEF Doc. No 103]). When shown a photograph that was marked as Exhibit 1 at plaintiff's deposition , Fevola stated that the photograph showed a Transit Authority grating (*id.* at 21, lines 15-17).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

The MSG Defendants' Motion for Summary Judgment (Seq. No. 003)

34 RCNY § 2-07 (b) imposes upon the owner of a cover or grating on a street a nondelegable duty of maintenance and repair of the cover or grating, as well as the area extending 12 inches from its perimeter (*Roa v City of New York*, 188 AD3d 504 [1st

156125/2017   WOISIN, KENNETH vs. NEW YORK CITY TRANSIT
Motion No.  003 004

Page 2 of 7

2 of 7

Dept 2020]; *Storper v Kobe Club*, 76 AD3d 426 [1st Dept 2010]; *Hurley v Related Mgt. Co.*, 74 AD3d 648 [1st Dept 2010]). "There is nothing in Administrative Code § 7–210 to show that the City Council intended to supplant the provisions of 34 RCNY 2–07 and to allow a plaintiff to shift the statutory obligation of the [owner of the grates] to the abutting property owner" (*Storper*, 76 AD3d at 427). Thus, "34 RCNY 2–07(b) provides an exception to the landowner's liability with respect to covers and their surrounding street areas" (*Jones v Vornado New York RR One L.L.C.*, 223 AD3d 467, 468 [1st Dept 2024]).

Here, the MSG Defendants met their prima facie burden of summary judgment. The notice of claim alleges that the alleged accident occurred within 12 inches of a subway grating, and, when shown a photograph of the area where plaintiff allegedly fell that the plaintiff had marked, Fevola testified at his deposition that the gratings were Transit Authority grates.

The NYCTA failed to raise a triable issue of fact warranting denial of the MSG Defendants' motion. Although the NYCTA argues that plaintiff did not circle any part of the grating, or any part of the vent border or perimeter (*see* affirmation of NYCTA's counsel in opposition ¶¶ 8-9 [NYSCEF Doc. No. 146]), NYCTA does not submit any evidence to dispute that the area where plaintiff allegedly fell was within 12 inches of the perimeter of the grating. The NYCTA's argument that the MSG Defendants were required to maintain the area where plaintiff allegedly fell pursuant to Administrative Code § 7-210 is therefore without merit (*see Storper*, 76 AD3d at 427). Finally, the NYCTA argues that the duty to repair and maintain subway covers and gratings falls upon the City of New York, citing *Fajardo v City of New York* (197 AD3d 456 [2d Dept 2021). This argument, however, buttresses the MSG Defendants' contention that they had no duty to maintain the grate and the surrounding perimeter.

Plaintiff failed to raise a triable issue of fact warranting denial of the MSG Defendants' motion. Plaintiff admits that the accident occurred within 12 inches of a Transit Authority grating (affirmation of plaintiff's counsel in opposition ¶ 12 [NYSCEF Doc. No. 135]). Contrary to plaintiff's argument, the abutting property owner has no duty under Administrative Code § 7-210 to maintain the 12-inch perimeter around the grating (*see Storper*, 76 AD3d at 427).

Neither could it be reasonably inferred from the deposition testimony of William Martino, a Vice President of back house operations employed by Madison Square Garden Entertainment, that the MSG Defendants performed repairs to the area where plaintiff allegedly fell. Martino testified, in relevant part:

"Q: Is Madison Square Garden Arena, or one of the present owners, if it's not Madison Square Garden Arena, regarding defects that they see in the sidewalks surrounding their property, do they make any repairs?

156125/2017   WOISIN, KENNETH vs. NEW YORK CITY TRANSIT
Motion No.  003 004

Page 3 of 7

3 of 7

Ms. Tarshis objection: Are you asking currently? Six years post-accident?

Mr. Lockhart: I will make it 2016.

Ms. Tarshis: OK.

Mr. Lockhart: To '19.

A: Generally speaking, yes.

Q: If there was defect within our property, that we felt needed repair in the sidewalk, we would have it repaired by a contractor" (*see* Exhibit M in support of Motion Seq. 003, Martino EBT, at 17, lines 2-20 [NYSCEF Doc. No. 104]).

It is not reasonable to infer from Martino's testimony that the MSG Defendants performed repair to the area where plaintiff allegedly fell, because Martino qualified his answer as a "defect within our property, and Martino did not testify that the area where plaintiff allegedly fell would have been considered the property of the MSG Defendants.

Therefore, the MSG Defendants' motion for summary judgment dismissing the complaint as against them is granted.

Because the MSG Defendants can no longer be held liable to plaintiff, the cross claims of defendants New York City Transit Authority and the City of New York are dismissed by operation of law (*see e.g. Bendel v Ramsey Winch Co.*, 145 AD3d 500, 501 [1st Dept 2016] [in view of the dismissal of the complaint in its entirety as against a defendant, the cross claims against that defendant are also dismissed]). The MSG Defendants' own cross claims for common-law indemnification and contribution are similarly dismissed as academic (*Rogers v Rockefeller Group Intl.., Inc.*, 38 AD3d 747, 750 [2d Dept 2007]).

The City's Motion for Summary Judgment (Seq. No. 004)

As the NYCTA points out, in *Fajardo v City of New York*, the Appellate Division, Second Department found that, by virtue of the terms of a lease executed by the City of New York and the New York City Transit Authority, the City is the owner of subway ventilation sidewalk gratings, and therefore held that "the City, and not the Transit Authority, owed a nondelegable duty under 34 RCNY 2–07(b) to monitor the condition of the ventilation grating and the area of the sidewalk extending 12 inches outward from the perimeter of the grating" (197 AD3d 456, 459 [2d Dept 2021]). Citing *Fajardo*, the Appellate Division, First Department also found that the City is the owner of the subway gratings (*Garrett v City of New York*, 222 AD3d 554, 556 [1st Dept 2023]).

156125/2017   WOISIN, KENNETH vs. NEW YORK CITY TRANSIT
Motion No.  003 004

Page 4 of 7

[* 4]

However, the City moves for summary judgment dismissing the complaint as against it on the ground that it had no prior written notice of the alleged defect, as required under Administrative Code § 7-201 (c), also commonly known as the Pothole Law.

"[P]rior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (*Katz v City of New York*, 87 NY2d 241, 243 [1995]).

"Where the City establishes that it lacked prior written notice under the Pothole Law, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality. Additionally, the affirmative negligence exception "is limited to work by the City that immediately results in the existence of a dangerous condition" (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]).

In support of its motion, the City submits a sidewalk segment search from the Department of Transportation (*see* Exhibits H and I in support of Motion Seq. 004 [NYSCEF Doc. Nos. 117-123]) and submits the deposition of its records witness, Omar Codling (*see* Exhibit J in support of Motion Seq. 004, Codling EBT [NYSCEF Doc. No. 125]). According to Codling, these records revealed "no sidewalk violations, and no notice of violations," and no notices of claim were found (Codling EBT, at 24, lines 14-21).

Plaintiff does not dispute the City's contention that it lacked prior written notice. Rather, plaintiff argues that prior written notice is not required because the City has a non-delegable duty pursuant to 34 RCNY 2-07 (b) (*see* affirmation of plaintiff's counsel in opposition ¶¶ 4-7,18-24).  Plaintiff's argument is unavailing.

The Appellate Division expressly rejected such an argument in *Funkelstein v City of New York* (187 AD3d 602 [1st Dept 2020]).  In *Funkelstein*, the plaintiff allegedly tripped and fell on a metal cover owned by the City of New York, which housed a pull box that was used to power pedestrian and vehicular traffic lights.  The plaintiff conceded that the City did not have prior written notice of the alleged defect and did not argue that the City affirmatively caused or created the defect.  Nevertheless, the plaintiff argued that no prior written notice was required because the City had a duty to repair the defective metal cover under 34 RCNY 2-07 (b).

The Appellate Division, First Department ruled, "We reject this argument. Section 7-210 [sic] of the Administrative Code of the City of New York requires plaintiff to show that the City received prior written notice of the alleged defect, in violation of 34 RCNY 2-07 (b)" (*id*. at 602).  The Appellate Division cited *Tucker v City of New York* (84 AD3d 640, 642 [1st Dept 2011]) and its progeny.

156125/2017   WOISIN, KENNETH vs. NEW YORK CITY TRANSIT
Page 5 of 7
Motion No.  003 004

5 of 7

*Tucker* addressed the issue of whether prior written notice of a defect was required under Administrative Code § 7-201 for a defect in a tree well. In reviewing the statute, the Appellate Division, First Department reasoned that the broad language of Administrative Code § 7-201 "encompassing a sidewalk and 'any encumbrances thereon or attachments thereto,' . . . requires a plaintiff to show that the City received prior written notice of the alleged tree well defect" (*Tucker*, 84 AD3d at 642).

Here, like the metal cover in *Funkelstein*, the subway grating embedded in the sidewalk is "an encumbrance thereon or attachments thereto" within the meaning of Administrative Code § 7-201 (c) (2). Thus, under *Funkelstein*, prior written notice to the City of New York of a defect of a subway grate in the sidewalk and the 12-inch perimeter is required under Administrative Code § 7-201.

Therefore, the City's motion for summary judgment dismissing the complaint as against it is granted.

Because the City can no longer be held liable to plaintiff, the cross claims against the City of all the other defendants are dismissed by operation of law (*Bendel*, 145 AD3d at 501). The City's own cross claims for common-law indemnification and contribution are similarly dismissed as academic (*Rogers*, 38 AD3d at 750).

## CONCLUSION

Accordingly, it is **ORDERED** that the motion for summary judgment by defendants MSG Arena LLC, MSGN Holdings, L.P. f/k/a MSG Holdings, L.P. f/k/a Madison Square Garden, L.P., as successor in interest to Madison Square Garden Corporation and Madison Square Garden Center, Inc., sued herein as Madison Square Garden Company Inc., and Cablevision Systems Corporation (Seq. No. 003) is **GRANTED**, the complaint is dismissed as against defendants Madison Square Garden Center Inc., Madison Square Garden L.P., MSGN Holdings L.E., Madison Square Garden Company, Inc., Madison Square Garden Corporation, MSG Arena LLC, MSG Holdings, L.P., and Cablevision Systems Corporation, and all cross claims by and against these defendants are dismissed, with costs and disbursements to these defendants as against plaintiff, as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the motion to dismiss by defendant City of New York (Seq. No. 004) is **GRANTED**, the complaint is dismissed as against defendant City of New York, and all cross claims by and against defendant City of New York are dismissed, with costs and disbursements to defendant City of New York as against plaintiff, as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly; and it is further

156125/2017   WOISIN, KENNETH vs. NEW YORK CITY TRANSIT
Motion No.  003 004

Page 6 of 7

6 of 7

[* 6]

**ORDERED** that the action is severed as to the other defendants and shall continue.

20241023120439RTSAID8479F698F5C45B6AD558C49D8A3E887

| 10/22/2024 | | | |
|---|---|---|---|
| **DATE** | | | **RICHARD TSAI, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| SEQ NO. 003 | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| SEQ NO. 004 | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

156125/2017   WOISIN, KENNETH vs. NEW YORK CITY TRANSIT
Motion No.  003 004

Page 7 of 7

7 of 7