| |
|---|
| **Liu v New York City Tr. Auth.** |
| 2025 NY Slip Op 31331(U) |
| April 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151131/2020 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD TSAI**

*Justice*

PART **21**

---------------------------------------------------------------------------X

DAPHNE LIU and MARTIN KRAUS,

Plaintiffs,

- v -

THE NEW YORK CITY TRANSIT AUTHORITY AND METROPOLITAN TRANSPORTATION AUTHORITY, 231-235 EAST 53RD STREET LLC and ATA ENTERPRISES MANAGEMENT, INC.,

Defendants.

---------------------------------------------------------------------------X

INDEX NO. 151131/2020

MOTION DATE 01/29/2025

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 25-38

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

In this action, plaintiffs Daphne Liu (Liu) and Martin Kraus (Kraus)[1] allege that, on July 7, 2019 at around 7:15 a.m., Liu was walking along the sidewalk abutting 231 East 53rd Street in Manhattan, when she tripped and fell "on the crack right next to the subway crate [sic]" (defendants East 53rd Street LLC and Ata Enterprises Management Inc.'s exhibit A in support of motion [NYSCEF Doc. No. 27], statutory hearing tr at 43, line 11 through 44, line 19; plaintiff's exhibit B in opposition to motion by plaintiffs [NYSCEF Doc. No. 34], plaintiff's bill of particulars ¶¶ 4-5).

In their answer, defendants 231-235 East 53rd Street LLC ("East 53rd") and Ata Enterprises Management Inc. (Ata) (collectively, Building Defendants) admitted East 53rd owned the premises located at 231 E. 53rd Street, New York, New York and that Ata was the "managing agent" of the premises (answer by Building Defendants [NYSCEF Doc. No. 10] ¶¶ 2-3).

On this motion, Building Defendants move for summary judgment dismissing all claims and cross claims as against them, on the grounds that, pursuant to 34 RCNY 2–07(b)(2), they had no duty to maintain and repair the subject subway grate that caused plaintiff's fall (Building Defendants' affirmation in support of motion [NYSCEF Doc. No. 26] ¶¶ 10-13). As alternative relief, Building Defendants seek summary judgment on their cross claims for common law indemnification against Transit Defendants (*id.* ¶¶ 14-16). Only plaintiffs oppose the motion.

---

[1] Kraus is the husband of Liu and seeks damages for the loss "of his wife's services, society, companionship and consortium" (amended complaint [NYSCEF Doc. No. 8] ¶ 67).

**151131/2020  LIU, DAPHNE vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

Page 1 of 6

## BACKGROUND

At Liu's deposition, Liu testified that, in the area of the sidewalk where she tripped and fell, there were several sidewalk grates with "one grate right after the other in a single line running parallel with the sidewalk" (Building Defendants' exhibit B [NYSCEF Doc. No. 28], plaintiff's deposition at 71, line 4 through 73, line 7).

Liu was then shown the following picture of the sidewalk grate and she testified that this photograph "fairly and accurately" showed the condition at the time of her accident (*id.* at 177, line 24 through 179, line 6):



(Building Defendants' exhibit C [NYSCEF Doc. No. 29], photographs at 3 of 4 [photo cropped and rotated clockwise 90 degrees]). Liu further testified that the circled area depicts "the hole that my foot got caught in the raised grate and then made me kind of stumble and I fell on the grate" (Liu deposition at 178, line 15 through line 21).

When shown the next photograph, marked at the deposition as Defendants' Exhibit C, Liu testified that it fairly and accurately showed "how the sidewalk and the grates looked" at the time of her accident (*id.* 179, line 8 through 180, line 23):

**151131/2020   LIU, DAPHNE vs. NEW YORK CITY TRANSIT**                                          **Page 2 of 6**
**Motion No.  001**

2 of 6



(Building Defendants' exhibit C [NYSCEF Doc. No. 29], photographs at 4 of 4 [photo clipped and rotated clockwise 90 degrees]). Liu further testified that this photograph showed "the crack with broken cement and the raised grate" and was of the same "area that was circled in the prior photograph" (Liu deposition at 179, lines 15-21).

Liu estimated that the subject area where her foot got caught was "[t]hree inches wide one and half to two kind of, um, deep" (*id.* at 76, line 23 through 77, line 2; at 77, lines 12-13).

Transit Defendants produced Frank Blandina to testify on their behalf. Blandina testified that he is employed by NYCTA as a "record searcher for the legal department" which entails "interpret[ing] the records at depositions and/or trials" (Building Defendants' exhibit D [NYSCEF Doc. No. 30] at 9, line 5 through 20). Although Blandina stated that "as directed by my manager" he could not "do any type of interpreting of photos"—and thus refused to comment on the photographs identified at Liu's deposition—Blandina testified that, based on his records search "for that location they are our vents" (*id.* at 19, line 15 through 24, line 7; 108, line 25 through 110, line 14

**151131/2020  LIU, DAPHNE vs. NEW YORK CITY TRANSIT**                                **Page 3 of 6**
  **Motion No.  001**

3 of 6

[* 3]

[testifying that the vents that are the subject of this lawsuit "are repaired and maintained by the New York City Transit Authority"]).[2]

Building Defendants produced Brendan Nesonoff to testify on their behalf. At his deposition, Nesonoff testified he was employed as a property manager by Black Diamond Residential which, since 2022, was the successor entity to ATA (Building Defendants' exhibit E [NYSCEF Doc. No. 31], Nesonoff deposition tr at 10, line 14 through 19, line 20). Nesonoff testified from November of 2018 to 2022 he was employed by ATA Management (*id.*). Nesonoff testified that Building Defendants never performed or instructed anyone to perform any repairs on the subject area of the sidewalk prior to Liu's alleged accident on July 7, 2019 (*id.* at 55, line 18 through 56, line 15).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

"Administrative Code § 7–210 generally imposes liability for injuries resulting from negligent sidewalk maintenance on the abutting property owners. 34 RCNY 2–07, however, imposes the duty of maintenance and repair of a sidewalk grate on the owner of the grate…" (*Storper v Kobe Club*, 76 AD3d 426, 427 [1st Dept 2010] [internal citations omitted]). Thus, 34 RCNY 2–07(b)(2) requires that "[t]he owners of covers or gratings . . . shall repair any defective street condition found within an area extending twelve inches outward from the perimeter of the cover or grating" (*id.* at 427 [internal citations omitted]).

Here, Blandina – NYCTA's record searcher – admitted at his deposition that the subject grates "are our vents" (Blandina deposition tr at 19, line 15 through 24, line 7; 108, line 25 through 110, line 14 [testifying that the vents that are the subject of this lawsuit "are repaired and maintained by the New York City Transit Authority"]). Further, there is no dispute that portion of the concrete where Liu's foot got caught was within 12 inches from the perimeter of the cover or grating as photographs clearly show that Liu tripped on a narrow strip of concrete between two subway grates, and Liu testified that that area was "[t]hree inches wide one and half to two kind of, um, deep" (Liu deposition

---

[2] Blandina further clarified that what the attorneys at his deposition referred to as "gratings, I call them vents" (*id.* at 17, line 12 through 18, line 22).

**151131/2020   LIU, DAPHNE vs. NEW YORK CITY TRANSIT**                           **Page 4 of 6**
**Motion No.  001**

4 of 6

[* 4]

tr at 75, line 4 through 78, line 5).  Thus, there is no dispute on this motion that the Building Defendants are not the owners of the grate upon which plaintiff had allegedly tripped and fallen.

In addition, Nesonoff's testimony established that Building Defendants never performed or directed any repairs of the subject area of the sidewalk, and plaintiffs did not raise any triable issue of fact that Building Defendants somehow caused or created the allegedly defective condition.

Thus, Building Defendants have "established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have exclusive access to, or the ability to exercise control over, the grate on which plaintiff allegedly slipped and fell" (*Hurley v Related Mgt. Co.*, 74 AD3d 648, 649 [1st Dept 2010]).

Nonetheless, plaintiffs argue that, under Administrative Code § 7–210, Building Defendants are also liable, with NYCTA, for plaintiff's injuries.  This argument however was soundly rejected in *Storper* where the Appellate Division, First Department held:

> "We do not agree that the MTA and the abutting property owner could be concurrently liable in this case. There is nothing in Administrative Code § 7–210 to show that the City Council intended to supplant the provisions of 34 RCNY 2–07 and to allow a plaintiff to shift the statutory obligation of the MTA to the abutting property owner. In reaching this result, we are guided by the principle that legislative enactments in derogation of common law, and especially those creating liability where none previously existed, must be strictly construed" (76 AD3d at 427; *see also Jones v Vornado New York RR One L.L.C.*, 223 AD3d 467, 468 [1st Dept 2024] ["34 RCNY 2–07(b) provides an exception to the landowner's liability with respect to covers and their surrounding street areas"])

Thus, Building Defendants are entitled to summary judgment dismissing the complaint, as well as the cross claims by and against Building Defendants for common law indemnification and contribution (*see e.g. Bendel v Ramsey Winch Co.*, 145 AD3d 500, 501 [1st Dept 2016] [in view of the dismissal of the complaint in its entirety as against a defendant, the cross claims against that defendant are also dismissed]; *see Phillips v Trommel Constr.*, 101 AD3d 1097, 1098 [2d Dept 2012] [cross claims which were predicated on complaint must be dismissed when complaint was dismissed]).

Because the complaint and all cross claims, by and against the Building Defendants are dismissed, the alternative relief requested by Building Defendants— granting Building Defendants summary judgment on their cross claims for common law indemnification against Transit Defendants—is rendered academic.

**151131/2020   LIU, DAPHNE vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

**Page 5 of 6**

5 of 6

## CONCLUSION

Upon the foregoing papers, it is hereby, **ORDERED** that the motion for summary judgment by defendants 231-235 East 53rd Street LLC ("East 53rd") and Ata Enterprises Management Inc. (Ata) is **GRANTED**, the complaint is severed and dismissed as against these defendants, with costs and disbursements to said defendants, as taxed by the Clerk upon the submission of an appropriate bill of costs, and the Clerk is directed to enter judgment in favor of these defendants accordingly; and it is further

**ORDERED** that all cross claims by and against defendants 231-235 East 53rd Street LLC and Ata Enterprises Management Inc. are dismissed; and it is further

**ORDERED** that the remainder of the action shall continue.

20250418163019RTSAI00CA714E28FF4CC0862067B50A9378CD

**4/18/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151131/2020   LIU, DAPHNE vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]