| |
|---|
| **Pumarol v City of New York** |
| 2026 NY Slip Op 30762(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 150483/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED: NEW YORK COUNTY CLERK 03/04/2026 10:31 AM                    INDEX NO. 150483/2024
NYSCEF DOC. NO. 29                                                 RECEIVED NYSCEF: 03/03/2026

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      HON. RICHARD TSAI                    PART            21
                                    *Justice*

-------------------------------------------------------------------X      INDEX NO.         150483/2024

TANIA PUMAROL,
                              Plaintiff,                           MOTION DATE      10/27/2025,
                                                                                   10/31/2025
                         - v -
                                                                  MOTION SEQ. NO.    001-002
THE CITY OF NEW YORK and THE NEW YORK CITY
TRANSIT AUTHORITY,
                                                                  **DECISION + ORDER ON**
                              Defendants.                              **MOTION**

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 10-16, 24-27

were read on this motion to/for               SUMMARY JUDGMENT (AFTER JOINDER)          .


The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 17-23

were read on this motion to/for               CONSOLIDATE/JOIN FOR TRIAL          .


In this personal injury action, plaintiff Tania Pumerol alleges that, on December 11, 2022, she was "lawfully traversing" the northern sidewalk on 48th Street between 5th Avenue and 6th Avenue, "approximately 50-75 feet West of the Northwest corner of 5th Avenue and 48th Street," in Manhattan, when she was "was caused to stumble, trip and fall as a result of the uneven, broken, defective, dangerous, trap-like, mis-leveled metal grates and/or street hardware and/or vent bays and/or subway vents existing thereat" (complaint [NYSCEF Doc. No. 1] ¶¶ 38, 45).

Defendant New York City Transit Authority (NYCTA) now moves for summary judgment dismissing the complaint and all cross-claims as against it (Seq. No. 001). Plaintiff opposes the motion.

Plaintiff separately moves to consolidate this action with another action in which she is the plaintiff (Seq. No. 002): *Tania Pumarol v Consolidated Edison Company of New York, Inc. et al.,* Index No. 162122/2025. There is no opposition to plaintiff's motion to consolidate.

## DISCUSSION

### I.      NYCTA's Motion for Summary Judgment (Seq. No. 001)

"To prevail on a motion for summary judgment, the movant must make a prima facie showing by submitting evidence that

[* 1]

demonstrates the absence of any material issues of fact. Once that initial showing has been made, the burden shifts to the opposing party to show there are disputed facts requiring a trial. All facts are viewed in the light most favorable to the non-moving party" (*Nellenback v Madison County* 44 NY3d 329, 334 [2025] [internal citations omitted]).

Here, in support of its motion, NYCTA provides the affidavit of Heriberto Hernandez, who states that he is employed as an "Associate Project Manager 2 with the Department of Subways Maintenance of Way- Engineering Division" for NYCTA and that his job duties include "conducting searches for property owned or maintained by" NYCTA (exhibit A in support of motion [NYSCEF Doc. No. 13] ¶¶ 1-2). Hernandez states that, at the request of NYCTA's counsel, he reviewed the notice of claim in this matter, which attached a photograph of the subject grating, and conducted a search for any property owned or maintained by NYCTA at the subject location (*id.* ¶¶ 3-4). Hernandez states that his search included "running a zoning land use map search for any [NYCTA] property in the area of the aforementioned location and examining the pattern of the subject grating [in] the close-up photographs" (*id.* ¶ 5).

Hernandez states that he determined that the NYCTA did not own or maintain any property in the subject area and that "the gratings identified in the Notice of Claim are not [NYCTA] gratings" (*id.* ¶ 6). Hernandez states that NYCTA "gratings have a rectangular pattern, approximately one inch by two inches in size, whereas the gratings depicted display a more complex, "x" design, which are associated with utility gratings" (*id.*). Hernandez further states that there are also no subway lines running underneath the sidewalk area in question" (*id.*).

In addition to Hernandez's affidavit, NYCTA provides the affidavit of Jean Paul who states that he is employed as the "Associate Director" in "MTA Real Estate Department" and that his duties include conducting searches of NYCTA "property interests and rights" (exhibit B in support of motion [NYSCEF Doc. No. 14] ¶¶ 1-2, 5). Paul states that, at the request of NYCTA's counsel, he conducted a search "using the public records database provided by The City of New York: https://propertyinformationportal.nyc.govgovparcels/parcel/10I2640030" (*id.* ¶ 6). Paul states that, based on this search, he concluded that NYCTA did not own the premises abutting the area where plaintiff fell, which is known as 600 Fifth Avenue (*id.* ¶ 9).

Thus, based on the above evidence put forth, NYCTA has established prima facie entitlement to summary judgment (*Karpovich v City of New York*, 162 AD3d 996, 998 [2d Dept 2018] [affirming dismissal, pursuant to CPLR 3211 [a] [1], where "the appellant submitted deeds that conclusively established that it did not own the premises on the date that the plaintiff claims she was injured"]; *see Gray v City of New York*, 20 Misc 3d 1125[A], 2008 NY Slip Op 51608 [U] [Sup Ct, NY County 2008]["Cadet's affidavit also states that the grating where plaintiff fell has a diamond pattern and hinges, which are utilized by Con Edison and not utilized by the NYCTA"]).

150483/2024   PUMAROL, TANIA vs. THE CITY OF NEW YORK ET AL        Page 2 of 6
Motion No.  001 002

2 of 6

[* 2]

In opposition, plaintiff argues that NYCTA failed to meet its prima facie burden because Henandez and Paul's affidavits are inadmissible because they are not based on personal knowledge and fail to annex the records that they were relying on in reaching their conclusions (affirmation in opposition [NYSCEF Doc. No. 24] ¶ 6). Although the URL that Paul provides appears not to be working, the NYC Property Information Portal website (available at: https://propertyinformationportal.nyc.gov) which Paul states he used is available and contains a very user-friendly map. Indeed, using the map and pulling up the relevant records, it appears the abutting property, known as 600 5th Avenue, has been owned by RCPI Fifth Avenue Holdings, L.L.C. since 2011. Therefore, the court will overlook the defective link provided by Paul, pursuant to CPLR 2001.

Regarding Hernandez, Hernandez's conclusions do in fact appear to be based on his personal knowledge that subway gratings "have a rectangular pattern, approximately one inch by two inches in size, whereas the gratings depicted display a more complex, 'x' design, which are associated with utility gratings" (Hernandez affidavit ¶ 6). Although the notice of claim that supposedly annexes a photograph of the subject grating that Hernandez reviewed is not annexed as an exhibit to NYCTA's motion, plaintiff does not contest Hernandez's characterization of the subject grating as "display[ing] a more complex, 'x' design" (id.). In addition, plaintiff does not contest Hernandez's assertion, based on his personal knowledge, that there are no subway lines running underneath the subject sidewalk.

Plaintiff also contends that NYCTA has not "eliminate[d] every triable issue of fact as to whether Defendant enjoyed a 'special use' of the subject grate" (affirmation in opposition to motion ¶ 52). However, "[t]he moving party need not specifically disprove every remotely possible state of facts on which its opponent might win the case" (*Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320 [2009]). Once NYCTA established prima facie that the subject grating was not one that it owned or maintained, the burden shifted to plaintiff to raise a triable issue of fact as a potential basis to hold NCYTA liable. Plaintiff has not raised such a triable issue of fact here.

Furthermore, plaintiff's "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Fisher v City of New York*, 247 NYS3d 735, 737 [2d Dept 2026]).

Therefore, the NYCTA's motion is granted.

Because NYCTA can no longer be held liable to plaintiff, the cross-claims that sound in common-law indemnification and contribution are dismissed by operation of law (*see Stone v Williams*, 64 NY2d 639, 642 [1984] [the conclusion that a defendant is not liable to plaintiff necessarily defeats the cross-claims for indemnification and contribution asserted by co-defendants]; *see e.g. Bendel v Ramsey Winch Co.*, 145 AD3d 500, 501 [1st Dept 2016] [in view of the dismissal of the complaint in its entirety as against a defendant, the cross-claims against that defendant are also dismissed]).

150483/2024   PUMAROL, TANIA vs. THE CITY OF NEW YORK ET AL
Motion No.  001 002

Page 3 of 6

[* 3]

Likewise, NYCTA's own cross-claims for common-law indemnification and contribution against the other co-defendants are dismissed as academic (*Rogers v Rockefeller Group Intl.., Inc.*, 38 AD3d 747, 750 [2d Dept 2007]).

## II.    Plaintiff's Motion to Consolidate (Seq. No. 002)

On this motion, there is no dispute that in both actions plaintiff alleges that, on December 11, 2022, she was "lawfully traversing" the northern sidewalk on 48th Street between  5th Avenue and 6th Avenue, "approximately 50-75 feet West of the Northwest corner of 5th Avenue and 48th Street," in Manhattan, when she was "was caused to stumble, trip and fall as a result of the uneven, broken, defective, dangerous, trap-like, mis-leveled metal grates and/or street hardware and/or vent bays and/or subway vents existing thereat" (*compare* exhibit 1 in support of Motion Seq. No. 002 [NYSCEF Doc. No. 19], complaint in present action ¶¶ 38, 45 *with* exhibit 3 in support of Motion Seq. No. 002 [NYSCEF Doc. No. 21], complaint in related action ¶¶ 38, 45).

Therefore, the actions should be consolidated as they involve "a common question of law or fact" (CPLR 602 [a]; *see also Vanguard Constr. & Dev. Co., Inc. v 400 Times Sq. Assoc.,* LLC, 237 AD3d 488 [1st Dept 2025]).

## CONCLUSION

Upon the foregoing documents, it is hereby **ORDERED** that the motion by defendant New York City Transit Authority (NYCTA) for summary judgment (Seq. No. 001) is **GRANTED**, and the complaint is dismissed as against NYCTA, and all cross-claims by and against NYCTA are dismissed; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of NYCTA accordingly, with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the action is severed and continued against the remaining defendant; and it is further

**ORDERED** that plaintiff's motion for consolidation is **GRANTED** without opposition, and the above-captioned action is consolidated with *Tania Pumarol v Consolidated Edison Company of New York, Inc. et al.,* Index No. 162122/2025; and it is further

**ORDERED** that the consolidation shall take place under Index No. 150483/2024 and the consolidated action shall bear the following caption:

150483/2024   PUMAROL, TANIA vs. THE CITY OF NEW YORK ET AL          Page 4 of 6
Motion No.  001 002

4 of 6

[* 4]

Tania Pumarol,

Plaintiff,

*Against*

The City of New York, Consolidated Edison
Company of New York, Inc., RCPI Landmark
Properties, LLC, RCPI 600 Fifth Holdings, L.L.C.,
Tishman Speyer Properties, LP and Tishman
Speyer Holdings, Inc.,

Defendants.

And it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

ORDERED that service of this order upon the Clerk of the Court shall be made in accordance with the procedures set forth in Section J of the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*[1] (accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf); and it is further

ORDERED that plaintiff's counsel shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

---

[1] Pursuant Section J, in order for the Clerk of the Court (a.k.a. the County Clerk) to effectuate this order, the movant must serve a copy of this order on the Clerk of the Court "by filing with NYSCEF a completed Notice to the County Clerk - CPLR § 8019 (c) (NYSCEF Form EF-22, available on the NYSCEF site)" (*id.*)

150483/2024   PUMAROL, TANIA vs. THE CITY OF NEW YORK ET AL        Page 5 of 6
Motion No.  001 002

5 of 6

**ORDERED** that, within 30 days from entry of this order, plaintiffs shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall also be made in accordance with the procedures set forth in Section J$^2$ of the aforesaid *Protocol*; and it is further

**ORDERED** that this action is respectfully referred to the General Clerk's Office for reassignment to another Justice in a non-Transit, City Part; and it is further

**ORDERED** that the compliance conference scheduled in the Transit Part (IAS Part 21) for March 12, 2026 at 9:30 AM is **CANCELED**.

**ENTER:**

20260303185704RTSAIC071AD99F0D84DD799EBF2CF63D7B411

_3/3/2026_
DATE

RICHARD TSAI, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| Motion Seq. No. 001 | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| Motion Seq. No. 002 | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | x | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

$^2$ Pursuant to Section J, in order for the Clerk of the General Clerk's Office to effectuate this order, the movant must e-file a copy of the order "using the NYSCEF document type 'Service on Supreme Court Clerk (Genl. Clerk) w/Copy of Order'" and the filer must provide "as additional information (in the 'Additional Document Information' field) a brief description of the type of order being submitted (e.g., 'Order of Consolidation' . . . )" (*id.*).

[* 6]